JAMES McALPINE, PROSECUTOR, v. GARFIELD WATER COMMISSION, DEFENDANT.

Submitted October 2, 1945—Decided September 12, 1946.

Before Justices DONGES, HEHER and COLIE.

For the prosecutor, *Richard J. Baker*.

For the defendant, *Henry L. Janowski* and *Dominick F. Pachella*.

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review a resolution of the defendant, Garfield Water Commission, adjuding the prosecutor, James McAlpine, guilty of negligence in the performance of his duties as water superintendent of the City of Garfield and discharging him from that office.

By virtue of *R. S*. 58:11–18.7 prosecutor, having occupied his office for more than five years, had tenure of office and could be removed only after a finding of guilty upon charges served and after a fair and impartial hearing thereon.

Charges were served which contained twenty specifications of alleged derelictions of duty. Hearings were held at which testimony was introduced in support of the charges. Prosecutor was represented by counsel who cross-examined the various witnesses and actively participated in the trial. At the conclusion of the testimony in support of the charges, the prosecutor presented the brief testimony of one witness and, at the next hearing, moved for dismissal or a mistrial upon the ground that one member of the defendant commission had been absent from two of the sessions. Upon the denial of this motion prosecutor, through his counsel, declined to participate further in the hearings and consequently there was no testimony at all offered in contradiction of that in support of the charges and no testimony in an attempt to justify the conduct of the prosecutor in his office as water superintendent.

Upon this *certiorari* no contention is made that the evidence was insufficient to warrant the finding of guilt made by the commission. Three reasons for reversal were assigned but the first of these, challenging the jurisdiction of the commission, has been abandoned.

The first point argued is based upon reason three "that the said prosecutor was not accorded a fair trial in that the hearing began in the presence of five members of the board and after several witnesses had testified, one of the members became ill and unable to attend and the hearing then proceeded in his absence, during which time other witnesses were heard by only four members of the board. Following this, the fifth member resumed his seat, participated in the hearing, and voted to dismiss the prosecutor from his duties, by reason of which the said absent member of the board who had not heard all the testimony occupied no legal status as arbiter or judge to adjudicate upon the cause."

The hearings were held November 9th, 16th, 17th and 24th, and December 7th, 8th and 9th. On the last mentioned date prosecutor declined to participate further, as above stated. It appears that one of the commissioners did not appear, due to illness, at the hearings of December 7th and 8th, giving rise to the present claim that the trial was unlawful and the conviction unwarranted.

An examination of the record discloses no harm to the prosecutor in the respect complained of. At the hearing of December 7th two witnesses were heard. One, Albert Campbell, testified concerning the operation of a certain type of water meter and, on cross-examination by prosecutor's counsel, concerning a trip he had made to Garfield on a certain occasion to repair a meter and the conditions he found at that time. The other witness was one Andrew Stefan who was recalled to testify as to a meter reading as of that day.

On December 8th, a witness, Steven Summers, testified to conditions he had observed as a member of a committee of taxpayers in making an inspection of the municipal water system. The final witness was the sole witness called by the prosecutor, the city clerk, who was called to testify to certain ordinances, one of which was introduced in evidence and the others were conceded to have no bearing upon the case.

Prosecutor was convicted upon sixteen of twenty charges specified against him and it appears that none of the evidence taken at the brief hearings of December 7th and 8th had any substantial bearing upon the charges upon which conviction was had. The evidence sustaining the various charges of neglect of duty was given in the hearing of all the commissioners. Under these circumstances, we see no prejudice to the prosecutor in the reception of this inconsequential part of the evidence, upon matters of little materiality, in the absence of one member of the commission. A proceeding of the character here in question is not required to be governed by the strict rules of procedure followed in courts of law and equity, but only in such manner that substantial justice is done and the accused is rendered a fair trial. *Johnson* v. *Wildwood,* 116 *N. J. L.* 462. We do not see that substantial justice was impaired or the trial rendered unfair by the absence of one of the members of the commission from the two brief hearings.

The other reason argued is "that two members of the said board were prejudiced in that they had previously expressed an opinion with respect to the outcome of the said cause in a written report submitted prior to the trial of the said prosecutor contrary to *R. S.* 2:26–193, *et seq.*"

This refers to language contained in a report made to the defendant commission, in the form of a letter, by two mem-

bers of the commission who had been designated a committee to make certain investigations of conditions in the water department. This report stated certain factual situations the committee found, made recommendations with respect to future conduct of the water system and concluded as follows:

"We certainly feel that the Superintendent of the Water Department has not lived up to the responsibility demanded of him: In fact we feel that the above neglect outlined borders on criminal negligence."

The contention is that this expression is indicative of malice and prejudice upon the part of these two members of the commission toward the prosecutor such as to disqualify them from sitting in judgment upon the trial on the charges preferred. We think this is not so. These commissioners were not challenged *in limine* nor examined as to their state of mind with respect to willingness and ability to listen to and consider the evidence adduced in order to pass upon the guilt or innocence of the accused. Obviously they expressed an opinion based upon their preliminary examination as members of the investigating committee, one which might or might not be adhered to after evidence was heard in support of and in contradiction of the preferred charges. Jurors in criminal cases are not disqualified because of preconceived opinions provided they are willing to keep their minds open and fair and reach their verdict upon the evidence heard at the trial. The members of the commission are public officials charged with the duty of seeing to the proper operation of the water system. If, in the performance of their duty, they discover improper conduct and derelictions upon the part of subordinates they are not thereby precluded from judging such persons unfit to continue in employment. They are not required to shut their eyes to what is going on and wait for persons other than members of the commission to prefer charges in order to qualify to sit in judgment. As was said in *McHugh v. Mayor and Council of the Borough of Hasbrouck Heights,* 144 *Atl. Rep.* 799, "there is no reason why the mayor or a commissioner should be disqualified because of having formed a preliminary opinion. subject to revision after he has heard the evidence."

The writ of *certiorari* is dismissed, with costs.